## Albert Hurd, *vs.* Dutchess County Bank.

### *Appeal from Dubuque.*

Where the same proof may be had in a court of law, as that sought by a bill of discovery, the court will not entertain it.

The facts in this case may be gathered from the arguments of counsel and the opinion of the court.

DAVIS & CRAWFORD, for complainant:

This is a bill brought for discovery to aid the complainant in a defence in a suit at law, and was heard in the court below on demurrer to the bill, and the bill was dismissed and is brought into this court by appeal.

The allegations in the bill being confessed by the demurrer, the only question that arises before this court, is, does the bill show a case requiring a discovery by the defendants?

It is contended on the part of the complainants that this bill does show such a case. The requisites are:

1. The bill must show such a case as renders the discovery material

to the plaintiff in the bill to support or defend a suit. Story's Equity, vol. 1st p. 258, s. 317. ·

2. It must show that the plaintiff has a title and interest, and what that title and interest are; Ib. s. 318.

3. It must also show a case which will constitute a just ground for a suit or defence at law. Ib. p. 259, s. 319.

It must also state that the discovery is asked for the purpose of some suit brought or intended to be brought, Ib. 261, sec. 321, and also the nature of the suit, Ib. It must also show that the defendant has some interest in the subject matter. Ib. 263, sec. 323. It must also set forth in particular the matters to which the discovery is sought. Ib. sec. 263. See also 2d Story, Chancery Com't. sec. 1490 and on.

" A party may maintain a bill of discovery, not only when he is destitute of other evidence to establish his case, but also to aid such evidence, or to render it unnecessary." Story's Equity Pleading, 260-1 in note; Hare on Discovery, 1, 110; Montague vs. Dudman 2d Vesay 398; Wayram on Discovery 4, 5, 25; Brereton vs. Gamul 2d Atk. 241; Finch vs. Finch, 2d Vesey 492; 2d Story's Com. Eqt., p. 701.

Bills of discovery are greatly favored in Equity, 2d Story p. 704.— The principal grounds upon which a bill of discovery may be resisted are enumerated in 2d Story, Chapter 41, sec. 1489.

BERRY, for defendant:

The bill in this case shows that the complainant had a complete remedy at common law without the aid of a court of equity. The complainant has joined in his bill as defendants, persons who might have been used as witnesses in the suit at law to prove the facts which he alleges do exist. Nothing would exclude them from testifying in a court of law as well as in a court of chancery. " If the facts lie within the knowledge of witnesses who may be called in a court of law, that furnishes a sufficient reason for a court of equity to refuse its aid. " 1 vol. Story on Equity, 90, 91, sec. 74; also 1 John. Chancery Reports 643; 4 John. Chancery Reports 409. The bill shows that the complainant can prove the facts which he wishes to discover in the suit at law by other testimony than the plaintiff in that suit, but the ground upon which courts of equity grant relief is that the facts cannot be proven by any other person than the party in the suit. See same section last above. The bill charges, but does not even alledge, the fact that the complainants' witnesses have gone to parts unknown, and that another, he believes, has partially lost his mental faculties, so that he

cannot be relied upon. The complainant does not give the names of his witnesses, nor even the place of residence of this imbecile, who has lost his mental faculties, and whom the complainant thinks cannot prove enough for his case.

The court will see from the whole of the complainants bill that it is a mere disguse set up to change the place of litigation. Morton Swift, Wm. Stevens,Olive E. Chamberlin and Moses Swift,are in no manner con- nected with the suit at law and could all have been used as witnesses in that suit, had the complainant seen fit to have used them in the common law court.

PER CURIAM, MASON, CHIEF JUSTICE.—This was emphatically a bill of discovery, praying for an injunction but asking no relief. It sets forth that William Stevens & Co., being indebted to the complainant, executed to him their promissory note for the sum of one hundred dol- lars—that this note was afterwards negotiated to the Dutchess County Bank—that the makers failing to pay it at maturity, the bank brought suit against the comp'nt. as endorser and recovered a judgment against him for the full amount of the note, principal and interest, together with the costs of suit; that William Stevens & Co. afterwards paid off that judgment and procured a transfer thereof to one Morton Swift, a brother of one of the firm of William Stevens & Co., and that the President, Directors & Co., of the Dutchess County Bank or the said Morton Swift, in their name has fraudulently brought suit on that judgment against the complainant in the District Court of Dubuque county. It alleges the absence of some witnesses, the imbecility of another, and that without the dicovery sought the complainant cannot safely proceed to a trial in the suit at law. It then prays for an injunction to restrain proceedings in that suit. A demurrer to this bill was sustained in the court below.

It is not denied but that the above facts if proved, would constitute an available defence at law. The necessity of the discovery sought con- stitutes the sole ground for appealing to the equity side of the court and upon the sufficiency of that ground the case will turn. Cannot the same proof be had in a court of law in this case as in a court of equity ? The suit at law was brought in the name of The President, Directors & Co. of the Dutchess County Bank. All the other defendants to this bill therefore would be competent witnesses in the other court. Are not these all the witnesses who will be made to testify by virtue of the bill of discovery ?

The President, Directors & Co. of the Dutchess County Bank, would not give their answer under oath and it would not therefore be testimony in the case.  1 Maddock's Chancery, 212; Story's Equity, sec. 1501.  Some officer of the corporation should have been made a defendant, if evidence were sought from that source in as much as the corporation would answer under seal and could not in its corporate capacity take an oath or be prosecuted for perjury.  Why, then should their answer be taken?  What would have been gained by this bill?  Nothing.  We therefore think the demurrer was properly sustained, and the order of the court below will be affirmed.